H. J. T. Herzog and Miriam A. Herzog v. Commissioner.
Herzog v. Commissioner
Docket No. 1290-63.
United States Tax Court
T.C. Memo 1965-170; 1965 Tax Ct. Memo LEXIS 159; 24 T.C.M. (CCH) 911; T.C.M. (RIA) 65170; June 25, 1965
*159 Held, that the deficiency in petitioners' income tax for 1958 was due, in major part, to fraud with intent to evade tax, within the meaning of section 6653(b) of the 1954 Code. Imposition of addition to tax under said section for 1958, approved. Gerald W. Fuller, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The respondent determined a deficiency in petitioners' income tax for the year 1958 and an addition to tax for fraud under section 6653(b) of the 1954 Code, in the amounts of $1,114.58 and $557.29, respectively. Neither of the petitioners, *160 nor anyone representing them, appeared at the trial of this case. The respondent presented evidence in support of his determination that the determined deficiency was due to fraud with intent to evade tax. At the conclusion of the presentation of respondent's case, respondent moved that the Court enter a default against the petitioners for their failure to prosecute their appeal to this Court, and approve the deficiency which the respondent had determined. The Court granted respondent's motion. The only issue remaining for decision is whether any part of the deficiency so determined and approved was due to fraud with intent to evade tax, within the meaning of section 6653(b), so as to render petitioners liable for an addition to tax for fraud. Findings of Fact Petitioners, H. J. T. and Miriam Herzog, are husband and wife; and during the taxable year 1958 which is here involved, they resided in Dayton, Ohio. They filed a joint Federal income tax return for said year with the district director of internal revenue at Cincinnati. The term "petitioner" in the singular, as used herein, will have reference to the husband-petitioner. During the taxable year 1958, and for several years *161 prior thereto, petitioner was an attorney-at-law licensed to practice in Ohio. He was employed during the taxable year as deputy administrator of the Bureau of Workmen's Compensation of the State of Ohio. Petitioner also conducted during said year a private law practice in Dayton, on a part-time basis. The petitioners reported on Schedule C of their return, total receipts from the husband-petitioner's law practice in the amount of $32,810.34. From these receipts there was excluded $19,774.38, as "allowances, rebates and returns," to yield a reported gross income from petitioner's private law practice of $13,035.35. Business expense deductions of $8,319.07 were then deducted from the reported gross profit, thereby resulting in a reported net income from the law practice of $4,716.89. Petitioner maintained the books and records of his law practice according to the cash receipts and disbursements method. Petitioner recorded receipts from his practice in a receipts journal and initially deposited the receipts in a general bank checking account which he maintained in a Dayton bank. He would later withdraw from this account for deposit in a second bank account (a so-called trust account) *162 various amounts, such as funds received in settlement of lawsuits to be remitted to his clients; and such amounts together with checks for amounts of such items as disbursements for court costs, comprised the exclusion item identified on the return as "allowances, rebates and returns." Petitioner understated on his 1958 Federal income tax return the gross receipts from his law practice as recorded in his books and records, inasmuch as the correct recorded gross receipts from petitioner's law practice for 1958 were $33,083.73, rather than the lesser amount of $32,810.34 reported in said return. In addition to the understatement of the recorded gross receipts per books from his law practice, petitioner wholly failed to include in his books and records, or in his tax return, $515.22 which he received from the Treasurer of the State of Ohio for legal services of an undisclosed nature which he rendered to the Attorney General of Ohio. Petitioner also received similar amounts from the State of Ohio for each of the years 1956, 1957, and 1959; and for each of said years he omitted a substantial portion thereof from his receipts journal. [1] Petitioner was furnished with a Form 1099 by the *163 Treasurer of Ohio, showing the payments to petitioner for each of the years 1956 through 1959. Petitioner also overstated in his return the recorded items going to make up the "allowances, rebates and returns," which he excluded from income in his return, inasmuch as these items actually totaled only $16,721.99, rather than the greater amount excluded on the return of $19,744.38. Moreover, petitioner improperly included in the recorded "allowances, rebates and returns," six checks written for his own personal items, the amounts of which aggregated $467.25. The correct total of petitioner's business deductions was $8,964.16 rather than $8,319.07. Respondent gave petitioner the benefit of the above greater amount of deductions to which he was entitled, in the computation attached to the statutory notice of deficiency in the instant case. Accordingly, in the light of the foregoing, petitioner's correct gross income from his *164 private law practice as shown on his books and records was $16,361.74. After adding back the personal items improperly excluded from income in the manner above stated, and also adding the omitted item of income from the State of Ohio which was entirely omitted from petitioner's books and records and from his return, the correct gross income from petitioner's private law practice was $17,344.21 (as compared with gross income per return of $13,035.35); and petitioner's correct net income from said source was $8,380.05 (as compared with net income reported on Schedule C of his return, of $4,716.89). In addition to underreporting income from the husband-petitioner's private law practice, petitioners also omitted from their 1958 return, interest income of $536.70 which they received during 1958 in respect of a sale of real property on the installment basis in 1955. This income was not included in any of the records originally submitted by the petitioner to the respondent's investigating agents; but rather it was independently detected by said agents during the course of their investigation. After it was detected, petitioner furnished the agents with the contract of sale and a schedule *165 of payments received by petitioners, which showed the interest income received by them during 1958, as well as in previous and succeeding years. Petitioners did not file a return for any of the years 1954 through 1957 or for the year 1959. The husband-petitioner pleaded guilty to a criminal information which charged him with willfully failing to file a Federal income tax return for each of the years 1956, 1957, and 1959, in violation of section 7203 of the Internal Revenue Code of 1954. He received a 1-year suspended sentence with respect to his failure to file 1956 and 1957 returns; and he was sentenced to prison for his failure to file a return for 1959. The amounts of petitioners' income tax liabilities for the years 1954 through 1957 and for the year 1959 were discussed with him by agents of the respondent. Following such discussions, petitioner waived the restriction on assessment and collection of the following deficiencies and additions to tax, together with interest thereon as provided by law: Addition
Addition
Type of
Year
to tax
to tax
tax
ended
Deficiency
Sec. 6653(b)
Sec. 6654
Total
Income
12/31/54
$ 79.68
$ 39.84 $0
$ 119.52
Income
12/31/55
502.10
309.75
9.13
820.98
Income
12/31/56
896.60
560.70
18.88
1,476.18
Income
12/31/57
2,711.05
1,719.13
63.22
4,493.40
Income
12/31/59
3,130.57
2,145.48
68.70
5,344.75
*166 Finding of Ultimate Fact The deficiency in petitioners' income tax for the year 1958 was due, in major part, to fraud with intent to evade tax, within the meaning of section 6653(b) of the 1954 Code. Opinion As explained in our preliminary statement above, we have already approved the deficiency determined by respondent in this case. And our finding of ultimate fact is dispositive of the only issue remaining for decision in this case: Whether any part of the deficiency is due to fraud with intent to evade tax. That issue is one of fact, and in our finding we have found that the deficiency was, in major part, due to fraud with intent to evade tax. The burden of proof as to any issue involving fraud is placed by statute upon the respondent. Section 7454 of the 1954 Code. The respondent has presented clear and convincing evidence that has impelled us to conclude that the deficiency in tax in the instant case was due to fraud. Respondent's proof independently established the correctness of the determined deficiency itself; and thus he is not relying upon the presumption of correctness attaching to his determination, or even upon the Court's granting of the respondent's motion *167 to default the petitioners, insofar as the deficiency itself is concerned, for their failure to prosecute their appeal to this Court. The respondent's proof also established the omission of significant sums from the income shown in the petitioners' return; and a significant overstatement of exclusions from income reported in said return. The evidence further shows a consistent pattern of failure to file returns for the 4 years preceding the taxable year 1958 here involved, as well as for the succeeding year 1959, in each of which years petitioner was liable for Federal income taxes which (together with additions to tax for fraud and for failure to pay estimated tax) petitioner has consented to be assessed and collected. Moreover, petitioner pleaded guilty to a criminal charge of willful failure to file returns for 1956, 1957 and 1959, and was sentenced to a term in prison for his 1959 failure. The total picture that emerges is a 6-year pattern of nonreporting and under-reporting income. After carefully considering and weighing all the evidence herein, we conclude and hold, in accordance with our finding of ultimate fact, that the deficiency in petitioners' income tax for 1958 was *168 due, in major part, to fraud with intent to evade tax. Accordingly, we approve the respondent's imposition of an addition to tax for fraud for said year, pursuant to the provisions of section 6653(b) of the 1954 Code. We have already approved the deficiency itself; and the amount thereof will be included with the addition to tax in the decision to be entered herein. Decision will be entered for the respondent. Footnotes
1. The amounts received by petitioner from the Treasurer of the State of Ohio for legal services rendered to the Ohio Attorney General are in addition to the salary which he received as deputy administrator of the Ohio Bureau of Workmen's Compensation.↩